Filed 4/20/16  P. v. Jackson CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

<table>
<tr><td>THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MAC JACKSON,<br><br>    Defendant and Appellant.</td><td>2d Crim. No. B265457<br>(Super. Ct. No. 15PT-00314)<br>(San Luis Obispo County)</td></tr>
</table>

The Board of Parole Hearings (BPH) found that Mac Jackson (appellant) met the criteria of a mentally disordered offender (MDO) and required him to undergo involuntary mental health treatment for a period of one year.  (Pen. Code, § 2962.)[1] Appellant filed a petition to challenge the BPH's determination.  (§ 2966, subd. (b).)  The trial court, sitting without a jury, also found that appellant met the MDO criteria and ordered him committed to the Department of State Hospitals (DSH) for further treatment. Appellant contends there is no substantial evidence that his severe mental illness cannot be kept in remission without treatment.  We affirm.

*Facts*

The sole witness at appellant's MDO hearing was Dr. Kevin Perry, a clinical psychologist employed at Atascadero State Hospital (ASH) who had met with

---

[1] All statutory references are to the Penal Code unless otherwise stated.

appellant. Perry testified that he reviewed appellant's hospital progress notes and prior psychiatric and psychological evaluations. Perry also met with appellant and consulted with his treatment team. Dr. Perry opined that appellant has schizophrenia, a severe mental disorder.

According to Perry, appellant was convicted of assault with great bodily injury after he punched his 70-year old neighbor in the face and slashed the neighbor's wrist with a knife. The assault occurred after appellant accused the neighbor of sending some youngsters to "mess with" him. Dr. Perry opined that appellant's schizophrenia contributed to this offense. Appellant made delusional and paranoid statements before and after assaulting his neighbor. His behavior with the police officers who responded to the scene was "irrational, impulsive and counter-productive." He was also belligerent with the officers, who had to subdue him by using a taser.

Perry testified that appellant's mental illness was in remission by the time of the BPH hearing. He explained that appellant's hospital progress notes "did not document any active or impairing symptoms since the time [appellant] was admitted to [ASH] on March 20 of 2015." Appellant had some mild symptoms in October 2014 and none during the five or six months prior to the BPH hearing.

Despite this period of remission, Dr. Perry opined that appellant's mental illness could not be kept in remission without treatment because, during his residence at ASH, appellant had been "unreasonably noncompliant with treatment." He based this opinion on the circumstance that appellant was subject to an involuntary medication order (*Keyhea v. Rushen* (1986) 178 Cal.App.3d 526), when he arrived at ASH, "although at that time the order was no longer enforced." Because the *Keyhea* order was in place, however, Dr. Perry opined that appellant did not voluntarily follow his treatment plan.

Dr. Perry testified that, in his opinion, appellant poses "a substantial danger of physical harm to others" because he "has a history of being violent when his psychiatric symptoms are not well controlled." Appellant was in remission at the time of the BPH hearing only because he was taking medication. Dr. Perry believed appellant "did not have good insight as to his illness or his need for treatment. He told me he didn't

2

have a psychiatry history; he didn't know what the medication did for him or if he even needed to take it, or – but that he had to take it in his words while incarcerated because of the order. So I think if left to his own devices, [appellant's] likely to decompensate psychiatrically and therefore poses a danger to others in the community."

After closing arguments, the trial court found itself persuaded, "beyond a reasonable doubt by [Dr. Perry's] testimony that [appellant] meets the [MDO] criteria on the issue of dangerousness." The trial court commended appellant for "not having had any violence for the last six years. That's something that speaks well of you. My concern is that based on the doctor's testimony, you still lack insight into your need for medication and your need for treatment. . . . I do have to consider that as of the [BPH] hearing date, you had a prior history of being symptomatic when not taking medication and the actual commitment occurred in this case because you had been previously diagnosed and not taken medication. [¶] Until you can express an understanding of why you need to take medication and why you should continue to take medication outside a structured setting outside of the hospital, I do believe you represent a physical danger, so I am . . . making the findings beyond a reasonable doubt."

*Discussion*

Appellant contends the order committing him to MDO treatment is not supported by substantial evidence that he meets all of the MDO criteria because there is no substantial evidence his mental illness cannot be kept in remission without treatment. (§ 2962, subd. (a)(1).) He contends Dr. Perry based his contrary opinion solely on the circumstance that a *Keyhea* order was in place when appellant first arrived at ASH. We disagree.

Substantial evidence supports the trial court's finding that appellant meets the MDO criteria because his severe mental illness cannot be kept in remission without treatment. (§ 2962, subd. (a)(3); *People v. Burroughs* (2005) 131 Cal.App.4th 1401, 1404-1407.) Dr. Perry testified that appellant had not voluntarily followed a treatment plan during his prior year at ASH because the *Keyhea* order was in place. In addition, however, Dr. Perry testified that appellant lacked insight into his illness, his need for

3

mental health treatment and his need to take medication.  Appellant told Dr. Perry "he didn't know what the medication did for him or if he even needed to take it . . . ."  He took the medication because of the *Keyhea* order, not because he accepted that it was necessary to keep his mental illness in remission.

"A reasonable person, whose mental disorder can be kept in remission with treatment, must, at minimum, acknowledge if possible the seriousness of his mental illness and cooperate in all the mandatory components of his treatment plan."  (*People v. Beeson* (2002) 99 Cal.App.4th 1393, 1399.)  Dr. Perry's testimony established that appellant does not acknowledge the seriousness of his illness or his need for medication. This constitutes substantial evidence that he meets the MDO criteria because his mental illness cannot be kept in remission without treatment.

Dr. Perry's expert testimony is also the only evidence in the trial court record that appellant committed one of the qualifying criminal offenses required for treatment as an MDO.  (§ 2962, subd. (e)(2)(A)-(O).)  *People v. Stevens* (2015) 62 Cal.4th 325, decided during the pendency of this appeal, held that, "a mental health expert's testimony in support of a defendant's MDO commitment may not be used to prove the defendant committed a qualifying offense involving one of the offenses specified in section 2962, subdivision (e)(2)(A) through (O)."  (*Id.,* at p. 329.)  We requested supplemental briefing on the question of whether, in light of *Stevens*, the judgment was supported by substantial evidence.  The parties agree that reversal is not required because appellant's trial counsel did not timely object to Dr. Perry's testimony on hearsay grounds.  (*People v. Panah* (2005) 35 Cal.4th 395, 476.)

4

*Conclusion*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

5

Jacquelyn H. Duffy, Judge

Superior Court County of San Luis Obispo

_____

Gerald J. Miller, under appointment for the Court of Appeals, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, Michael C. Keller, Deputy Attorney General, for Plaintiff and Respondent.